**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LLENER GODINEZ-LOPEZ, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT LADWIG, Acting Field Office | ) | No. 2:25-cv-02962-SHL-atc |
| Director of Enforcement and Removal | ) | |
| Operations, New Orleans Field Office, | ) | |
| Immigration and Customs Enforcement, | ) | |
| et al. | ) | |
|     Respondents. | ) | |

**ORDER DENYING PETITIONER'S MOTION FOR FEES**

On October 24, 2025, the Court held a hearing on Petitioner Llener Godinez-Lopez's petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 16.)  The Court granted the Petition the same day, releasing Godinez-Lopez from detention pending a bond hearing before an Immigration Judge.  (ECF No. 15.)  On November 18, Godinez-Lopez filed his Motion for Fees Under the Equal Access to Justice Act ("EAJA"), seeking $10,664.67 in attorney's fees. (ECF No. 23.)  The Government responded in opposition on December 2.  (ECF No. 26.) Godinez-Lopez sought leave to file a reply (ECF No. 27) and contemporaneously filed the proposed reply, which recalculates the requested award, accounting for 2.3 hours spent replying, at $11,264.40 (ECF No. 28).[1]

---

[1]  So that the Motion for Fees may be fully briefed, the Motion for Leave to File Reply (ECF No. 27) is **GRANTED**.  At the same time, the Government's Unopposed Motion to Hold in Abeyance the Court's Consideration of Petitioner's Motion for Fees Under [EAJA] Until the Motion Becomes Ripe Under EAJA (ECF No. 29) is **DENIED AS MOOT**.

Respondents also filed two notices of supplemental authority related to the Petition itself (ECF Nos. 34, 35), citing two out-of-circuit decisions favorable to their position, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128 (8th Cir.

Under the EAJA, courts "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  On October 24, 2025, the Court granted the writ of habeas corpus under 28 U.S.C. § 2241, rendering Godinez-Lopez the prevailing party under the EAJA.  However, the Court finds that Respondents' position, although incorrect, was substantially justified.

To avoid paying fees under the EAJA, the Government need not establish that its position was "justified to a high degree," but only that it was "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  Here, the Government's decision to indefinitely detain scores of noncitizens, in violation of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment, has unleashed a nationwide torrent of habeas corpus petitions over the last ten months.  At the time of Godinez-Lopez's Petition, a majority of district courts granted these petitions, but others, albeit a minority, reached the opposite conclusion.  In the months following the Petition, the Circuit Courts of Appeal have split over the issue.  Compare Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026) (holding that detainees are entitled to bond hearings), with Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) (holding the opposite).  Accordingly, "despite the fact the Court strongly rejected Respondents' legal position, the Court must hold that Respondents were substantially justified for purposes of the EAJA when they argued that this Petitioner could be detained without a bond hearing."  Valdez Lopez v. Raycraft, No. 26-CV-68,

---

2026).  However, although Respondents did not file a supplementary notice of the Sixth Circuit's decision Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), the Sixth Circuit takes the opposite position.

2

2026 WL 1800904, at *2 (S.D. Ohio June 23, 2026).  However, the question of whether the Government's position would still have been substantially justified following the Sixth Circuit's ruling on this issue is left for another day.

Thus, the Motion for Fees Under the Equal Access to Justice Act ("EAJA") is **DENIED**.

**IT IS SO ORDERED,** this 13th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3